103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re DOW CORNING CORPORATION, Debtor-Appellant.
TORT CLAIMANTS' COMMITTEE; Unsecured Creditors' Committee;
Memorial Hospital of Burlington County; Sandra Allen, et
al; Rachel Wilson, et al; Amanda Barad, et al; Kanda
Koykin; Cheryl D. MacGregor, et al; Donna Bryant; Bruce
Baker and Hair Replacement Centers, Inc., Plaintiffs-Appellees
Heidi Lindsey, et al., Plaintiffs
v.
DOW CORNING CORPORATION; the Dow Chemical Company;
Corning, Incorporated, Movants-Appellants
O'Brien, Tanski, Tanzer and Young Health Care Providers of
Connecticut, et al., Defendants.
 No. 96-1545.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 95-72397; Denise Page Hood, Judge.
 E.D.Mich., 187 B.R. 919.
 REVERSED.
 Before: MARTIN, Chief Judge; BATCHELDER, Circuit Judge, WISEMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Dow Corning and its shareholders, The Dow Chemical Company and Corning Incorporated, filed a motion to transfer to the Eastern District of Michigan roughly 1500 non-breast implant personal injury tort claims pending against them. The Eastern District of Michigan denied the motion to transfer. Claiming that the district court erred in that denial, Dow Corning and its shareholders appeal from that decision.
 
 
 2
 The plain language of Section 157(b)(5) suggests that a district court's decision under that section is not left to that court's discretion. The section provides:
 
 
 3
 The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.
 
 
 4
 28 U.S.C. § 157(b)(5) (1995) (emphasis added). Thus, the plain language of the Section 157(b)(5) instructs that the district court, upon a properly filed motion, must set venue for claims falling within the ambit of Section 157(b)(5) in one of two possible jurisdictions. Although this mandatory language is tempered by the abstention provisions of 28 U.S.C. § 1334(c), the district court did not base its denial on abstention grounds.
 
 
 5
 The district court denied the motion to transfer, in part, because the court found the motion untimely and also construed it as a motion that had already been before the court. These bases are undoubtedly erroneous. The motion to transfer the non-breast implant claims was the first, and only, such motion presented to the court. Moreover, there is no deadline for filing a motion to transfer.
 
 
 6
 The district court also concluded that the bankruptcy judge's conclusions of law recommending denial of the motion were not contrary to the law. This analysis is also erroneous and cannot serve as grounds for denying Dow Corning's motion to transfer.
 
 
 7
 The Bankruptcy Judge's Report and Recommendation, suggesting denial of Dow Corning's motion to transfer the non-breast implant personal injury cases, referenced his August 9, 1995 Report and Recommendation concerning the motions to transfer the breast implant claims. In that August 9 Report and Recommendation, the bankruptcy judge determined that Section 157(b)(5) "refers only to claims asserted in the bankruptcy court"; the judge thus found that the district court did not have the power under Section 157(b)(5) to transfer personal injury and wrongful death claims pending outside of the bankruptcy court. Report and Recommendation on Motions to Transfer Pursuant to 28 U.S.C. § 157(b)(5), In re Dow Corning Corp. (Aug. 9, 1995).
 
 
 8
 This determination was made without benefit of, and is clearly inconsistent with, our subsequent opinion in In re Dow Corning Corp., 86 F.3d 482 (6th Cir.1996). In In re Dow Corning Corp., we stated that "Section 157(b)(5) should be read to allow a district court to fix venue for cases pending against nondebtor defendants which are 'related to' bankruptcy proceedings pursuant to Section 1334(b)." Id. at 497. Thus, we have ruled that Section 157(b)(5) is not limited to those cases already pending in bankruptcy court. The bankruptcy judge's conclusions, and the district court's denial of the motion to transfer, were therefore contrary to law.
 
 
 9
 Nevertheless, the Official Committee of Tort Claimants argues that we should not order transfer of these cases because of the absence of a factual record in support of the motion to transfer. Specifically, the Committee contends that there is no indication that the non-breast implant claims will have any meaningful effect on the estate sufficient to qualify for "related to" jurisdiction under 28 U.S.C. § 1334(b). However, neither the bankruptcy judge nor the district court found that the record was lacking on these issues. Moreover, the roughly 1500 non-breast implant product liability suits against Dow Corning and its shareholders certainly qualify for "related to" jurisdiction under Section 1334(b) as the suits could have a conceivable impact on the estate. In re Dow Corning, Inc., 86 F.3d 482, 489 (6th Cir.1996).
 
 
 10
 Accordingly, the district court's order is reversed, and the non-breast implant claims pending against Dow Corning and its shareholders are ordered transferred to the United States District Court for the Eastern District of Michigan.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation